UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DERICK JOHNSON<br>3545 East 116th Street Apt. 3<br>Cleveland, Ohio 44105<br><br>on behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>COSMAX USA, CORPORATION D/B/A<br>COSMAX USA, INC.<br>c/o Statutory Agent Howard Lim<br>30701 Carter Street<br>Solon, Ohio 44139<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Derick Johnson, by and through counsel, and for his Complaint against Cosmax USA, Corporation d/b/a Cosmax USA, Inc. ("Cosmax"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a business located at 30701 Carter Street, Solon, Ohio, 44139, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio, and other cities and states throughout the United States.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

13. Defendant Cosmax is a Delaware corporation that manufactures cosmetic products.

14. Plaintiff was employed by Defendant as a production employee at Defendant's manufacturing facility in Solon, Ohio between April 26, 2016 and February 22, 2017.

15. Other similarly-situated employees were employed by Defendant as production employees and were either permanent employees of Defendant or were temporary employees placed by a staffing agency.

16. Defendant was an employer of its temporary employees as they are fully integrated into Defendant's business model; Defendant derives a substantial portion of its revenue from work performed by the temporary employees; and Defendant sets the temporary employees' schedules and rates of pay.

17. Defendant controlled the manner in which Plaintiff and other similarly-situated production employees' work was performed, including without limitation, the time they worked and the rules and policies they were required to follow.

18. Plaintiff and other similarly-situated production employees were non-exempt employees under the FLSA and were paid an hourly wage.

**(Failure to Pay For All Hours Worked)**

19. Plaintiff and other similarly situated production employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before their scheduled start times and after their scheduled stop times:

3

a) changing into and out of their uniform and personal protective equipment, including but not limited to smocks, hairnets, beard guards, safety glasses, gloves and/or hearing protection; b) washing their hands and taking an air shower; c) obtaining tools necessary to perform their job, including but not limited to jacks, pens, scissors and/or box cutters; d) walking to their assigned area of the production floor; e) meeting with employees on the previous shift to discuss the work to perform; and f) performing their production work.

**(Failure to Pay For Donning Time)**

20. Before Plaintiff and other similarly-situated production employees began their shifts, they donned smocks, hairnets, beard guards, safety glasses, gloves and/or hearing protection.

21. The time Plaintiff and other similarly-situated production employees spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

22. Plaintiff and other similarly-situated production employees were not paid for the time spent donning their personal protective equipment.

**(Failure to Pay for Time Spent washing their hands and taking an air shower)**

23. Before Plaintiff and other similarly-situated production employees began their shifts, they washed their hands and took an air shower.

24. The time Plaintiff and other similarly-situated production employees spent washing their hands and taking an air shower was a principal activity that occurred between the

commencement of their first principal activity and the completion of their last principal activity each workday, and thus, was compensable under the continuous workday rule.

25. In the alternative, the time Plaintiff and other similarly-situated production employees spent washing their hands and taking an air shower was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

26. Plaintiff and other similarly-situated production employees were not paid for the time spent washing their hands and taking an air shower.

**(Failure to Pay for Time Spent Retrieving Tools)**

27. Before Plaintiff and other similarly-situated production employees began their shifts, they retrieved tools necessary to operate their machines, including jacks, pens, scissors and/or box cutters.

28. The time Plaintiff and other similarly-situated production employees spent retrieving their tools was a principal activity that occurred between the commencement of their first principal activity and the completion of their last principal activity each workday, and thus, was compensable under the continuous workday rule.

29. In the alternative, the time Plaintiff and other similarly-situated production employees spent retrieving their tools was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit in that it allowed Plaintiff and other similarly-situated production employees to perform their job.

Plaintiff and other similarly-situated production employees were not paid for the time spent retrieving their tools.

**(Failure to Pay For Postdonning Walk Time)**

30. After donning their personal protective equipment, Plaintiff and other similarly-situated production employees walked from the area in which they changed into personal protective equipment to the production floor. Such time constitutes "postdonning walk time."

31. Plaintiff and other similarly-situated production employees were not paid for their postdonning walk time.

**(Failure to Pay For Predoffing Walk Time)**

32. At the end of their shift, Plaintiff and other similarly-situated production employees walked from the production floor to the area in which they changed out of their personal protective equipment. Such time constitutes "predoffing walk time."

33. Plaintiff and other similarly-situated production employees were not paid for their predoffing walk time.

**(Failure to Pay For Doffing Time)**

34. At the end of their shift, Plaintiff and other similarly-situated production employees doffed their personal protective equipment.

35. The time Plaintiff and other similarly-situated production employees spent doffing their personal protective equipment was a principal activity that occurred between the commencement of their first principal activity and the completion of their last principal activity each workday, and, thus, was compensable under the continuous workday rule.

36. In the alternative, the time Plaintiff and other similarly-situated production employees spent doffing their personal protective equipment was an integral and indispensable

part of their principal activities, was required by Defendant, OSHA, and was performed for Defendant's benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

37. Plaintiff and other similarly-situated production employees were not paid for time spent doffing their personal protective equipment.

**(Failure to Pay for Time Spent Meeting with Employees on Previous shift)**

38. Prior to their shift, Plaintiff and other similarly-situated production employees met with employees on the previous shift to discuss the work to perform.

39. The time Plaintiff and other similarly-situated production employees spent meeting with employees on the previous shift was a principal activity that occurred between the commencement of their first principal activity and the completion of their last principal activity each workday, and, thus, was compensable under the continuous workday rule.

40. In the alternative, the time Plaintiff and other similarly-situated production employees spent meeting with employees on the previous shift was an integral and indispensable part of their principal activities, was required by Defendant and was performed for Defendant's benefit.

41. Plaintiff and other similarly-situated production employees were not paid for time spent meeting with employees from the previous shift to discuss the work to perform.

**(Failure to Pay For Performing Production Work)**

42. At the end of their shift, Plaintiff and other similarly-situated production employees continued performing production work past their scheduled shift time.

43. The time Plaintiff and other similarly-situated production employees spent performing production work was a principal activity that occurred between the commencement

of their first principal activity and the completion of their last principal activity each workday, and, thus, was compensable under the continuous workday rule.

44. Plaintiff and other similarly-situated production employees were not paid for time spent performing production work past their scheduled shift time.

**(Failure to Pay for Overtime Compensation)**

45. As a result of Plaintiff and other similarly-situated production employees not being paid for all hours worked, Plaintiff and other similarly-situated production employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

46. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

47. Upon information and belief, Defendant failed to make, keep and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated production employees.

48. The amount of time Plaintiff and other similarly-situated production employees spent on their required and unpaid work amounted to approximately 15 to 20 minutes each day, and at times amounted to 1 to 2 hours per day.

**(Defendant Willfully Violated the FLSA)**

49. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be

adversely affected by Defendant's unlawful conduct.

51. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current, and permanent and temporary, production employees of Defendant Cosmax USA, Inc. between February 17, 2014 and the present.

52. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

53. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

54. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

55. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current, and permanent and temporary, production employees of Defendant Cosmax USA, Inc. between February 17, 2014 and the present.

56. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

57. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its production employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff Derick Johnson and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

58. The claims of the named Plaintiff Derick Johnson are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

59. Named Plaintiff Derick Johnson will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

60. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Defendant's practice and policy of not paying Plaintiff and other similarly-situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

64. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated production employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

65. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

66. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated production employees have been damaged in that they have not received wages due to

them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Defendant's practice and policy of not paying Plaintiff and other similarly-situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

69. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated production employees violated the OMFWSA, R.C. 4111.03.

70. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

71. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated production employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court, find Defendant jointly and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff