UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DERICK JOHNSON, on behalf of himself and all others similarly situated, ) | CASE NO.:  1:17-cv-00329 |
| ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JOINT MOTION FOR APPROVAL OF** |
| ) | **SETTLEMENT AND STIPULATION OF** |
| COSMAX USA, CORPORATION, ) | **DISMISSAL WITH PREJUDICE** |
| ) | |
| Defendant. ) | |

The Parties respectfully move this Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and for an Order approving the Settlement as fair and reasonable.  In support of this motion, the Parties state:

1. Representative Plaintiff commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

2. Plaintiff alleged that Defendant Cosmax USA, Corporation d/b/a Cosmax USA ("Defendant") violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and the Opt-In Party Plaintiffs for work performed before and after their scheduled start and stop times, and by failing to keep adequate records.

3. Defendant answered the Complaint and denied any liability or wrongdoing of any kind.

4. On May 12, 2017, the Parties filed their Joint Stipulation to Conditional Certification and Notice, which the Court approved on May 12, 2017.

5. On June 16, 2017, Notice was mailed to the potential Class Members, and the Notice period closed on July 17, 2017.

6. On June 23, 2017 the Notice was mailed to additional potential Class Members who were inadvertently omitted from the initial mailing.

7. In addition to Plaintiff, there are 95 Opt-In Party Plaintiffs who allege they worked over 40 hours in a workweek and were allegedly denied overtime compensation.

8. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether Plaintiffs are entitled to the claimed overtime compensation under the FLSA and/or OMFWSA.

9. From March 2017 through September 2017, the Parties engaged in settlement discussions, and the Parties reached agreement on a settlement on September 27, 2017.

10. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached agreement on a settlement of all claims asserted in the pending action, the terms of which are embodied in the Joint Stipulation of Settlement and Release, attached as Exhibit 1, as well as any and all other claims Plaintiff Derick Johnson has against Defendant, the terms of which are embodied in the General Settlement and Release Agreement, attached as Exhibit 2 (collectively, the "Settlement").

11. The Settlement covers temporary associates who opted into the action and consented to be bound by any settlement reached by the Parties and who allege they worked over 40 hours in a workweek and were allegedly denied overtime compensation.

12. Plaintiffs' Individual Payments are based proportionally on each Plaintiff's alleged overtime damages during the Released Period, as Released Period is defined in the Joint Stipulation of Settlement and Release. Any Plaintiffs owed less than $10.00 will receive a $10.00

minimum payment.

13. Plaintiffs' counsel Lori M. Griffin believes that the proposed Settlement is in the best interests of Plaintiff and the Opt-In Party Plaintiffs.  *See* Exhibit 3.

14. The proposed Settlement is contingent upon the Court's review and approval of the Settlement and issuance of an Order approving the Settlement as fair and reasonable.

15. The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice.  Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs.  The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue an Order (*see* Exhibit 4) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ Lori M. Griffin | /s/ Amy L. Kullik |
| Lori M. Griffin (0085241) | Amy L. Kullik (0069663) |
| Chastity L. Christy (0076977) | Jeffrey M. Embleton (0006480) |
| Anthony J. Lazzaro (0077962) | Mansour Gavin LPA |
| The Lazzaro Law Firm, LLC | North Point Tower |
| 920 Rockefeller Building | 1001 Lakeside Avenue, Suite 1400 |
| 614 W. Superior Avenue | Cleveland, Ohio 44114 |
| Cleveland, Ohio 44113 | Phone:  216-523-1500 |
| Phone: 216-696-5000 | Facsimile:  216-523-1705 |
| Facsimile: 216-696-7005 | akullik@mggmlpa.com |
| anthony@lazzarolawfirm.com | jembleton@mggmlpa.com |
| chastity@lazzarolawfirm.com | |
| lori@lazzarolawfirm.com | Attorneys for Defendant Cosmax USA |
| | |
| Attorneys for Plaintiffs | |